UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                                                    Case No. 14-32743-RBR
                                                                          Chapter 7
YUSDELY PADRON,
aka YUSDELY HUAMANCHUMO

            Debtor.
_____/

### HSBC BANK USA, NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO ENFORCE FINAL JUDGMENT OF FORECLOSURE

**Any interested party who fails to file and serve a written response to this motion within 14 days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

   **COMES NOW,** HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2007-1 ("Secured Creditor"), by and through its undersigned counsel, as and for its Motion for Relief from the Automatic Stay, and in support states as follows:

   1.   The Court has jurisdiction over this matter pursuant to 11 U.S.C. §362, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

   2.   On October 12, 2014, Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code.

   3.   Debtor owns certain real property located at **7170 Lee Street, Hollywood, Florida 33024** in Broward County, FL, legally described as:

   LOT 3, BLOCK 9, OF HERITAGE HOMES, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 47, PAGE 42, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.

4. On or about March 4, 2009, Secured Creditor commenced a foreclosure action in the Circuit Court for the 17th Judicial Circuit in and for Broward County, FL, which ultimately resulted in the entry of a Summary Final Judgment against Debtor on October 28, 2009 in the amount of $259,027.78 with regards to the subject property. A true and correct copy of the Summary Final Judgment is attached hereto as Exhibit "A."

5. Upon information and belief, the property has been claimed exempt by Debtor. Additionally, the property has not been abandoned by the Trustee.

6. The estimated value of the property is $132,720.00. This valuation is based on the fair market value as determined by the Broward County Property Appraiser. See Broward County Property Appraisal attached as Exhibit "B." Thus, there is little or no equity in the property for the benefit of unsecured creditors of the estate.

7. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor's failure to make regular payments under the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such security interest.

8. Secured Creditor respectfully requests that the Court grant it relief from the automatic stay in this case pursuant to 11 U.S.C. §362(d)(1), for cause, namely the lack of adequate protection to Secured Creditor for its security interest in the subject property. The value of the collateral is insufficient in and of itself to provide adequate protection to Secured Creditor, which the Bankruptcy Code requires to be provided.

9. Secured Creditor further requests that the Court Order entered pursuant to the instant Motion provide that all communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, be sent directly to Debtor.

10. Pursuant to 11 U.S.C. §362(e), Secured Creditor hereby requests that in the event a hearing is necessary, that said hearing be held within thirty (30) days.

11. Secured Creditor requests that the 14-day stay of Bankruptcy Rule 4001(a)(3) be waived to avoid additional delay in pursuing its lawful remedies.

**WHEREFORE**, Secured Creditor respectfully requests that the automatic stay be lifted so that Secured Creditor may be permitted to protect its security interest in Debtor's property outside of the bankruptcy forum, that in the event that a hearing is necessary on this Motion that it be held within thirty (30) days, for waiver of the 14-day stay of Bankruptcy Rule 4001(a)(3), and for such further relief as the Court may deem just and proper.

Respectfully Submitted:

/s/ Brandi R. Lesesne
Brandi R. Lesesne
Bar No.: FL 65477
Aldridge | Connors LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7629
Fax: (888) 873-6147
blesesne@aclawllp.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion for Relief from the Automatic Stay was served electronically or via U.S. Mail, first-class postage prepaid, to:

Yusdely Padron
7170 Lee Street
Hollywood, FL 33024

Kenneth A Welt
1776 Pine Island Rd #101
Plantation, FL 33322

Sergio M Cabanas
18503 Pines Blvd # 301
Pembroke Pines, FL 33029

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

Dated: December 1, 2014

/s/ Brandi R. Lesesne
Brandi R. Lesesne
Bar No.: FL 65477
Aldridge | Connors LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7629
Fax: (888) 873-6147