**EXHIBIT A**

CFN # 108955974, OR BK 46642 Page 1997, Page 1 of 5, Recorded 11/04/2009 at 08:10 AM, Broward County Commission, Deputy Clerk 3370

Case 14-32743-RBR    Doc 22-1    Filed 12/01/14    Page 2 of 6

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL
CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO: CACE09013028 DIV 25

HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE FOR NAAC
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-1
    PLAINTIFF
VS.

YUSDELY HUAMANCHUMO A/K/A
YUSDELY PADRON; HUGO J.
HUAMANCHUMO; ANY AND ALL
UNKNOWN PARTIES CLAIMING BY,
THROUGH, UNDER, AND AGAINST THE
HEREIN NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT KNOWN TO
BE DEAD OR ALIVE , WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS SPOUSES, HEIRS, DEVISEES,
GRANTEES OR OTHER CLAIMANTS;
WELLS FARGO BANK, N .A.; JOHN DOE
AND JANE DOE AS UNKNOWN TENANTS IN
POSSESSION,
    DEFENDANT(S)

This space is for recording purposes only

## SUMMARY FINAL JUDGMENT IN FORECLOSURE

THIS CAUSE having come to be heard on Plaintiff's Motion for Summary Final Judgment and Taxation of Attorney Fees and Costs, and upon the Affidavits filed herein, and the Court being fully advised in the premises, it is hereby ORDERED:

1. The Plaintiff's Motion for Summary Final Judgment is GRANTED.
2. There is due to the Plaintiff the following:

| | |
|---|---|
| Principal due on the note secured by the Mortgage foreclosed: | $224,845.64 |
| Interest on the Note and Mortgage from October 1, 2008 to May 30, 2009 | $10,248.95 |
| Per diem interest at $42.35 from May 31, 2009 through October 28, 2009 | $6,394.85 |
| Late Charges | $203.70 |
| Inspections Conducted on Property | $48.75 |
| Ad Valorem Taxes | $10,420.49 |
| Hazard Insurance Premiums | $4,352.90 |
| Appraisals | $95.00 |
| COSTS: | |
| Filing Fee | $351.00 |
| Service of Process | $450.00 |
| Abstracting | $325.00 |
| Service/Mail Required by Law | $16.50 |

  

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NAAC MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 vs. YUSDELY HUAMANCHUMO A/K/A YUSDELY PADRON, ET AL
CASE NO: CACE09013028 DIV 25

|  |  |  |
|---|---|---:|
| Title Update Charges |  | $75.00 |
|  | SUBTOTAL | $257,827.78 |
| Attorney's fees based upon 8 hours at $150.00 per hour in the amount of: |  | $1,200.00 |
|  | TOTAL | $259,027.78 |

3. A lien is held by the Plaintiff whose address is C/O AMERICA'S SERVICING COMPANY, 3476 STATEVIEW BLVD., FT. MILL, SC 29715 for the total of the Final Judgment sum specified in the preceding paragraph, plus interest thereon. The lien of the Plaintiff is superior in dignity to any right, title, interest or claim of the Defendants and all persons, firms or corporations claiming by, through, or under the Defendants or any of them and the property will be sold free and clear of all claims of the Defendants. The lien encumbers the following described property in BROWARD County, Florida, to-wit:
LOT 3, BLOCK 9, OF HERITAGE HOMES, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 47, PAGE 42, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.

4. If the total sum due to the Plaintiff as set forth in Paragraph 2, plus interest at the statutory rate in effect at the time of the entry of this judgment, which rate shall remain the same until the judgment is paid, and all costs of this proceeding incurred subsequent to the date of this Judgment are not paid to Plaintiff, the Clerk of this Court shall sell the property described in Paragraph 3 in accordance with the terms of Paragraph 6.

5. The Plaintiff shall advance the cost of publishing the Notice of Sale and the Clerk's fee for it and shall be reimbursed by the Clerk out of the proceeds of the sale of the property described in Paragraph 3 if the Plaintiff does not become the purchaser of the property at the sale.

6. The Clerk of this Court shall sell the property described in Paragraph 3 at public sale at 11:00 a.m., on the 6 day of Jan 2010, 2009 to the highest and best bidder or bidders for cash at Room 385, 201 SE 6th Street, Fort Lauderdale, Florida, after having first given notice as required by Section 45.031, Florida Statutes. The Clerk shall not conduct the sale unless the Plaintiff or it's representative is present to bid at the sale. Any purchaser other than the Plaintiff shall pay all service charges assessed by the Clerk of the Circuit Court pursuant to Florida Statute 28.24 together with proper documentary stamps to be affixed to the Certificate of Title.

7. The Plaintiff may be the bidder for, and purchaser of, the property described in Paragraph 3. If the Plaintiff is the purchaser of the property at the sale, the Clerk shall credit the bid of the Plaintiff with the total sum found to be due to the Plaintiff for such portion thereof as may be necessary to pay fully the bid of the Plaintiff. If, subsequent to the date of the Plaintiff's affidavit of indebtedness and prior to the sale contemplated in paragraph 6 hereof, the Plaintiff is required to advance any monies to protect its mortgage lien, then Plaintiff or its attorneys shall so certify to the clerk of this court, and the amount found due to the Plaintiff shall be increased by the amount of such advances without further order of the Court.

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NAAC MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 vs. YUSDELY HUAMANCHUMO A/K/A YUSDELY PADRON, ET AL
CASE NO: CACE09013028 DIV 25

8. Upon the confirmation of the sale of the property by the clerk filing the Certificate of Sale, any and all persons claiming by, through, and under them since the date of the filing of the Notice of Lis Pendens, are forever barred and foreclosed of and from all right, title, interest, claim or demand of any kind or nature whatsoever in and to the property.

9. Upon the filing of the Certificate of Title, the Clerk shall make distribution of the proceeds from the sale in the following order and in the amounts due under each of the following subparagraphs:

a. All costs and expenses of these proceedings subsequent to the entry of the Summary Final Judgment of Foreclosure, including the cost of publishing the Notice of Sale and the Clerk's fee for making the sale, unless the Plaintiff, having already paid for these two items of cost, is the purchaser at the sale, the cost of the State documentary stamps affixed to the Certificate of Title based on the amount bid for the property, plus the costs, if paid by purchaser.

b. The total sum found to be due to the Plaintiff in Paragraph 2, plus interest at the statutory rate in effect at the time of entry of this judgment, which interest shall remain the same until the judgment is paid.

c. The balance of the proceeds of the sale in excess of the amounts paid under Paragraphs 9(a) and 9(b) shall be retained by the Clerk of this Court pending further order of this Court.

10. Upon the filing of the Certificate of Title, the purchaser at the sale, his/her representatives or assigns shall be let into possession of the property forthwith.

11. The Court retains jurisdiction of this cause and the parties to enter further orders as are proper, including deficiency judgments, if permissible. Any such deficiency judgment may be sought only against the makers of the note.

12. If the Plaintiff is the purchaser at the sale, the Plaintiff, their heirs, representatives, successors or assigns, shall be placed in immediate possession of the aforedescribed premises. In the event the Defendants fail to vacate the premises within ten (10) days of the date of the foreclosure sale, the Clerk of the Court is directed to issue a Writ of Possession to the Plaintiff and/or purchaser, their heirs, representatives, successors, or assigns, without the necessity of any further order from this Court for the premises located at 7170 LEE STREET, HOLLYWOOD, FL 33024.

13. In the event the Plaintiff is contractually obligated to pay its attorneys an amount less than the amount of reasonable fees awarded by the Court above in paragraph 2, the Defendant borrower shall have the right to pay that lesser amount for attorneys fees in the event the Defendant borrower has the right to reinstate the loan prior to the sale under the loan documents or in the event the Defendant borrower tenders full payoff of the loan to the Plaintiff prior to the filing of the Certificate of Sale by the Clerk.

14. The court finds that the number of hours expended and the hourly rate charged by the Plaintiff's counsel as set forth in Paragraph 2 are reasonable. The Court further finds that there are no reduction or enhancement factors for consideration by the court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985).

15. Should this property be sold to a third party, the Clerk of Court is hereby directed to make the check for the amount due to the Plaintiff pursuant to paragraph 10 above payable to **David J. Stern, P.A. Trust Account.**

16. In the event the instant case is dismissed by the Plaintiff, the Clerk of Court is hereby directed to release any original loan documents filed with the Court to counsel of record for Plaintiff.

3

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NAAC MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 vs. YUSDELY HUAMANCHUMO A/K/A YUSDELY PADRON, ET AL
CASE NO: CACE09013028 DIV 25

### NOTICE PURSUANT TO FLORIDA STATUTES § 45.031

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT FOR BROWARD COUNTY, TELEPHONE NUMBER 954-831-5745, 201 SE 6TH STREET, FORT LAUDERDALE, FL 33301, WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC., 954-736-2400, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC. FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

**DONE and ORDERED** in open court at FORT LAUDERDALE, BROWARD County, Florida, this 28th day of October, 2009.

_____
Carol-Lisa Phillips, Circuit Judge

4

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NAAC MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 vs. YUSDELY HUAMANCHUMO A/K/A YUSDELY PADRON, ET AL
CASE NO: CACE09013028 DIV 25

Copies furnished to:

LAW OFFICES OF DAVID J. STERN, P.A.
900 SOUTH PINE ISLAND ROAD, SUITE 400
PLANTATION, FL 33324-3920

YUSDELY HUAMANCHUMO A/K/A YUSDELY PADRON
HUGO J. HUAMANCHUMO
6390 SIMMS ST.
HOLLYWOOD, FL 33024

YUSDELY HUAMANCHUMO A/K/A YUSDELY PADRON
HUGO J. HUAMANCHUMO
7170 LEE STREET
HOLLYWOOD, FL 33024

WELLS FARGO BANK, N.A.
C/O PRESIDENT, VICE PRESIDENT OR ANY PERSON AUTHORIZED TO ACCEPT SERVICE
101 NORTH PHILLIPS AVENUE
SIOUX FALLS, SD 57104

JOHN DOE n/k/a ROGELIO PADRON
7170 LEE STREET
HOLLYWOOD, FL 33024

09-24316 ASCF

THIS IS NOT AN OFFICIAL COPY

5